IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DANNY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:07 CV 3750 |
| | ) | |
| THE UNITED STATES OF AMERICA, *et al.* | ) | Judge Oliver |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR THE COURT TO CERTIFY DEFENDANTS'
INTERLOCUTORY APPEAL AS FRIVOLOUS AND TO RETAIN JURISDICTION**

Now Comes DANNY BROWN, by his counsel, LOEVY & LOEVY, and respectfully

asks this Court to certify as frivolous defendants' appeal of this Court's November 13, 2008

Order (denying summary judgment and setting forth a discovery schedule) and to retain

jurisdiction over this matter during the pendency of the appeal.  In support of this motion,

plaintiff states as follows:

**Introduction**

On November 13, 2008, this Court denied defendants' motion for summary judgment

based on qualified immunity.  This Court held that plaintiff's allegations that defendants

conspired to frame him by creating false evidence and forcing him to stand trial for a crime they

knew he did not commit, when presumed true, demonstrated clear violations of plaintiff's well-

established constitutional rights. Dkt. No. 86, at 7.  Defendants have appealed that order,

potentially delaying much further the long-awaited commencement of discovery in this case.

Viewed properly, defendants' appeal is really nothing but an attempt to avail themselves

to the discovery stay that this Court has already denied. Because qualified immunity appeals are

vulnerable to just this sort of manipulation, the case law in this Circuit (and elsewhere) provides

the district court with an effective counter-measure. In particular, in cases where an interlocutory

appeal is obviously without any legal merit whatsoever, the law empowers the district court to

certify the appeal as frivolous and to retain jurisdiction over the matter during the pendency of

the appeal.

This is exactly the type of case for which just such an order is appropriate. As this Court

is well aware, defendants' motion for summary judgment addressed only the existence of a

factual dispute, without ever even trying to dispute plaintiff's legal argument – that, assuming

plaintiff's legal allegations are true, falsifying and fabricating evidence in order to intentionally

frame plaintiff for a crime defendants knew he did not commit violated clearly established

constitutional rights. Yet, that is the only argument that defendants will be permitted to present

on appeal to invoke the appellate court's jurisdiction: whether, assuming the truth of plaintiff's

factual allegations, this Court erred as a matter of law in denying defendants qualified immunity.

Because this argument is so unmistakably frivolous (so much so that defendants did not even

attempt it here), plaintiff asks this Court to retain jurisdiction over this matter and to require

defendants to adhere to this Court's reasonable discovery schedule regarding the factual contest

at the heart of any qualified immunity dispute.

**A.** **District Courts Have a Duty to Certify Non-Meritorious Appeals as Frivolous and to Retain Jurisdiction, in Order to Prevent Defendants from Using the Appeals Process to Delay Litigation.**

While most denials of summary judgment are non-final orders that cannot be immediately

appealed, an exception is made under 28 U.S.C. § 1291 for orders denying qualified immunity.

The exception, however, applies only to allow the appeal of the narrow legal issue relating to

immunity. *Harrison v. Ash*, 539 F.3d 510, 516-17 (6th Cir. 2008), *citing Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Berryman v. Rieger*, 150 F.3d 561, 562 (6th Cir.1998). Specifically, the appellate court may exercise its jurisdiction to hear an interlocutory appeal of the denial of summary judgment based on immunity "only to the extent that a summary judgment order denies qualified immunity based on a pure issue of law." *Harrison*, 539 F.3d at 517, *quoting Gregory v. City of Louisville*, 444 F.3d 725, 742 (6th Cir. 2006).

Quite simply, defendants arguing that they are entitled to invoke a qualified immunity defense "may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of material fact for trial." *Harrison*, 539 F.3d at 517, *quoting Johnson v. Jones*, 515 U.S. 304, 319-20 (1995). Instead, "the defendant must be prepared to overlook any factual dispute and to concede an interpretation of the facts in the light most favorable to the plaintiff's case," and the defendant's failure to do so will divest the appellate court of jurisdiction. *Berryman*, 150 F.3d at 562-63. In other words, to the extent that the denial of qualified immunity is based on any factual dispute, the denial of summary judgment falls outside of the narrow jurisdiction of the appellate court. *Harrison*, 539 F.3d at 517; *Berryman*, 150 F.3d at 563.

Because defendants are allowed this narrow exception in immunity cases, this Circuit recognizes the risk that defendants will appeal frivolous immunity defenses as a strategic maneuver to delay litigation. *League of Women Voters of Ohio v. Blackwell*, 432 F. Supp. 2d 734, 740 (N.D. Ohio 2006), *rev'd in part on other grounds, League of Women Voters of Ohio v. Brunner*, ___ F.3d ___, 2008 WL 4999087 (6th Cir., November 26, 2008), *citing Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir.1989). Accordingly, in this Circuit, when faced with a baseless immunity claim, a district court should certify the appeal as frivolous and retain

jurisdiction during the pendency of the appeal. *League of Women Voters*, 432 F. Supp. 2d at 740, *citing Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir.1994). This certification process and retention of jurisdiction ensures that the case moves forward and that the frivolous appeal is not used to delay the litigation.

In *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991), for example, the Sixth Circuit explained the importance of the district courts' duty to retain jurisdiction over frivolous appeals, emphasizing that delays resulting from such appeals unnecessarily prolong the process, often to the disadvantage of the plaintiffs:

> During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined.
> Most deferments will be unnecessary. The majority of *Forsyth* appeals – like the bulk of all appeals – end in affirmance. Defendants may seek to stall because they gain from delay at plaintiffs' expense, an incentive yielding unjustified appeals.

*Yates*, 941 F.2d at 448, *quoting Apostol*, 870 F.2d at 1338-39. Because such appeals of the denial of immunity "would give defendants potent weapons for delay," particularly in Section 1983 claims, courts must retain jurisdiction over frivolous appeals to "curtail the outlay and delay of litigation, so that victims of official misconduct may receive the vindication that is their due." *Yates*, 941 F.2d at 448-49, *quoting Abel v. Miller*, 904 F.2d 394, 396 (7th Cir.1990).

Accordingly, plaintiff respectfully asks this Court to assess the frivolity of defendants' appeal. Should this Court agree that the appeal lacks merit, plaintiff asks this Court to retain jurisdiction during the appeal and prevent an unwarranted delay in the litigation of this case.

## B. In this Case, Defendants' Appeal is Frivolous

Considering just the legal analysis of the qualified immunity issue, as required on appeal, there is no merit to defendants' appeal. The Sixth Circuit typically uses a two-part test regarding

qualified immunity, asking: (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated; and (2) whether that right was clearly established. *Lanman v. Hinson*, 529 F.3d 673, 683 (6th Cir. 2008) (citations omitted). It is only those legal questions, and not the factual questions of whether defendants committed the conduct alleged or whether plaintiff has sufficient proof, that the appellate court has jurisdiction to review. *Harrison v. Ash*, 539 F.3d 510, 516-17 (6th Cir. 2008); *Berryman v. Rieger*, 150 F.3d 561, 562 (6th Cir.1998).

Accepting the facts in the light most favorable to plaintiff as required, there can be no legitimate dispute that defendants' participation in an intentional frame-up and creation of false evidence to ensure the conviction of an innocent man violates clearly established constitutional rights, including the right to due process. *See California v. Trombetta*, 467 U.S. 479, 486 (1984) ("The most rudimentary of the access-to-evidence cases impose upon the prosecution a constitutional obligation to report to the defendant and to the trial court whenever government witnesses lie under oath"); *Napue v. Illinois*, 360 U.S. 264, 269 (1959) ("[I]t is established that a conviction obtained through use of false evidence, known to be such by representatives of the State" must fail under the Fourteenth Amendment); *United States v. Bagely*, 473 U.S. 667, 679 n.7 (1985) (use of perjured testimony by prosecution to obtain a conviction and the deliberate suppression of evidence that would have impeached and refuted that testimony is a denial of due process).

## Conclusion

Defendants' narrow appeal of the legal component of the qualified immunity analysis has no arguable merit. Because the appellate court lacks jurisdiction to consider any other arguments, and defendants' only potential legal argument on appeal is frivolous, plaintiff urges

this Court to retain jurisdiction so that the appeal cannot be used as a back-door maneuver to

achieve a discovery stay.

WHEREFORE, Danny Brown respectfully asks this Court to deem defendants' appeal as

frivolous and to retain jurisdiction over this matter.

RESPECTFULLY SUBMITTED,

/s/ Jon Loevy
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Mark Loevy-Reyes
Debra Loevy-Reyes
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900

CERTIFICATE OF SERVICE

I, Jon Loevy, an attorney, certify that on December 2, 2008, I served this document by
ECF electronic filing as to each party who is represented by counsel who uses electronic filing.

S/Jon Loevy
Attorneys for Plaintiff