FILED

2005 MAR 15  PM 4:08

U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) S U P E R S E D I N G |
| | ) I N D I C T M E N T |
| Plaintiff, | ) |
| | ) Judge JOHN R. ADAMS |
| | ) |
| v. | ) CASE NO. 1:05CR537 |
| | ) Title 21, §846, |
| DWAYNE NABORS, | ) United States Code |
| JASON WESTERFIELD, | ) Title 21, §§841(a)(1) |
| TYRON BROWN, | ) (b)(1)(A), (b)(1)(B), |
| JERRY MOTON, | ) and (b)(1)(C), |
| aka Rob, | ) United States Code |
| DAMETRESE RANSAW, | ) Title 18, §§922(g)(1), |
| aka Kefa Refa, | ) and 924(a)(2), |
| ARRICO SPIRES, | ) United States Code |
| aka Rico, | ) |
| CHARLES D. MATHEWS, | ) |
| aka Chuck | ) |
| aka Pooper, | ) |
| JAMES BURTON, | ) |
| aka Uncle Wee Wee, | ) |
| ALBERT LEE, Jr., | ) |
| aka Ailee, | ) |
| NOEL MOTT, | ) |
| aka M, | ) |
| JIM WILLIAMS, | ) |
| aka Jay, | ) |
| LOWESTCO BALLARD, | ) |
| JOE H. WARD, III, | ) |
| JOHNIE R. PARKER, | ) |
| NOLAN LOVETT, | ) |
| JOSHAWA WEBB, | ) |
| MARLON L. BROOKS, | ) |

EXHIBIT
8

-2-

```
JOHNNY ROBERTSON,              )
DANNY LEE BROWN,               )
FRANK DOUGLAS,                 )
ROBERT HARRIS, III,            )
STAR SMITH,                    )
                              )
              Defendants.      )
```

## COUNT 1

The Grand Jury charges:

From in or about the Winter of 2004, to on or about November 8, 2005, the exact dates to the Grand Jury unknown, in the Northern District of Ohio, Eastern Division, and elsewhere, DWAYNE NABORS; JASON WESTERFIELD; TYRON BROWN; JERRY MOTON, aka Rob; DAMETRESE RANSAW, aka Kefa Refa; ARRICO SPIRES, aka Rico; CHARLES D. MATHEWS, aka Chuck, aka Pooper; JAMES BURTON, aka Uncle Wee Wee; ALBERT LEE, Jr., aka Ailee; NOEL MOTT, aka M; JIM WILLIAMS, aka Jay; LOWESTCO BALLARD; JOE H. WARD, III; JOHNIE R. PARKER; NOLAN LOVETT; JOSHAWA WEBB; MARLON L. BROOKS; JOHNNY ROBERTSON; DANNY LEE BROWN; FRANK DOUGLAS; ROBERT HARRIS, III; STAR SMITH, and others known and unknown to the Grand Jury, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree together and with other persons, both known and unknown to the Grand Jury, to commit an offense against the United States of America, to wit: to possess with intent to distribute and to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine

-3-

base (crack), a Schedule II narcotic controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and to possess with intent to distribute and to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

### OVERT ACTS

In furtherance of the conspiracy and to effect the objectives thereof, the defendants and others performed overt acts not limited to the following acts as set forth in Counts 2 through 52, incorporated herein by reference.

All in violation of Title 21, United States Code, Section 846.

### COUNTS 2-22

The Grand Jury further charges:

On or about the dates specified in Counts 2 through 22, in the Northern District of Ohio, Eastern Division, the defendants named in Counts 2 through 22 did knowingly and intentionally distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II narcotic drug controlled substance.

-4-

| Count | Defendant(s) | Date |
|-------|-------------|------|
| 2 | JERRY MOTON,<br>  aka Rob | February 10, 2005 |
| 3 | TYRON BROWN,<br>JASON WESTERFIELD | February 15, 2005 |
| 4 | DAMETRESE RANSAW,<br>  aka Kefa Refa | March 4, 2005 |
| 5 | TYRON BROWN,<br>JASON WESTERFIELD | March 12, 2005 |
| 6 | JASON WESTERFIELD | March 15, 2005 |
| 7 | TYRON BROWN,<br>FRANK DOUGLAS | March 17, 2005 |
| 8 | DAMETRESE RANSAW,<br>  aka Kefa Refa | March 22, 2005 |
| 9 | JERRY MOTON,<br>  aka Rob | May 10, 2005 |
| 10 | ARRICO SPIRES,<br>  aka Rico | July 1, 2005 |
| 11 | ARRICO SPIRES,<br>  aka Rico | July 11, 2005 |
| 12 | CHARLES D. MATHEWS,<br>  aka Chuck,<br>  aka Pooper | July 13, 2005 |
| 13 | CHARLES D. MATHEWS,<br>  aka Chuck,<br>  aka Pooper | July 15, 2005 |
| 14 | ALBERT LEE, Jr.,<br>  aka Ailee | August 1, 2005 |
| 15 | NOEL MOTT,<br>  aka M,<br>JIM WILLIAMS,<br>  aka Jay | September 6, 2005 |

-5-

| Count | Defendant(s) | Date |
|-------|--------------|------|
| 16 | JOE H. WARD, III<br>JOHNIE R. PARKER | September 13, 2005 |
| 17 | TYRON BROWN | September 13, 2005 |
| 18 | ALBERT LEE, Jr.,<br>  aka Ailee | September 15, 2005 |
| 19 | JAMES BURTON,<br>  aka Uncle Wee Wee | September 27, 2005 |
| 20 | JAMES BURTON,<br>  aka Uncle Wee Wee | September 29, 2005 |
| 21 | JOHNNY ROBERTSON<br>ROBERT HARRIS, III | October 11, 2005 |
| 22 | DANNY LEE BROWN<br>FRANK DOUGLAS | November 8, 2005 |

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2.

## COUNTS 23-27

The Grand Jury further charges:

On or about the dates stated in Counts 23 through 27, in the Northern District of Ohio, Eastern Division, the defendants named in Counts 23 through 27 did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II narcotic drug controlled substance.

-6-

| Count | Defendant(s) | Date |
|-------|--------------|------|
| 23 | LOWESTCC BALLARD | September 9, 2005 |
| 24 | NOEL MOTT,<br>aka M | September 15, 2005 |
| 25 | DWAYNE NABORS<br>TYRON BROWN<br>ALBERT LEE, Jr.,<br>aka Ailee,<br>JAMES BURTON,<br>aka Uncle Wee Wee | September 20, 2005 |
| 26 | JOSHAWA WEBB | October 14, 2005 |
| 27 | NOLAN LOVETT | October 27, 2005 |

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 28

The Grand Jury further charges:

On or about March 22, 2005, in the Northern District of Ohio, Eastern Division, DAMETRESE RANSAW, aka Kefa Refa and MARLON L. BROOKS did knowingly and intentionally possess with the intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II narcotic drug controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

-7-

## COUNT 29

The Grand Jury further charges:

On or about March 22, 2005, in the Northern District of Ohio, Eastern Division, DAMETRESE RANSAW, aka Kefa Refa and MARLON L. BROOKS did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 30

The Grand Jury further charges:

On or about April 25, 2005, in the Northern District of Ohio, Eastern Division, JASON WESTERFIELD did knowingly and intentionally possess with the intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II narcotic drug controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

-8-

## COUNT 31

The Grand Jury further charges:

On or about April 25, 2005, in the Northern District of Ohio, Eastern Division, JASON WESTERFIELD did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 32

The Grand Jury further charges:

On or about May 11, 2005, in the Northern District of Ohio, Eastern Division, JERRY MOTON, aka Rob, did knowingly and intentionally possess with the intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II narcotic drug controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT 33

The Grand Jury further charges:

On or about May 11, 2005, in the Northern District of Ohio, Eastern Division, JERRY MOTON, aka Rob, did knowingly and intentionally possess with the intent to distribute a mixture or

substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

### COUNT 34

The Grand Jury further charges:

On or about July 25, 2005, in the Northern District of Ohio, Eastern Division, and elsewhere, ALBERT LEE, Jr., aka Ailee, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II narcotic drug controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

### COUNT 35

The Grand Jury further charges:

On or about September 20, 2005, in the Northern District of Ohio, Eastern Division, and elsewhere, DWAYNE NABORS, TYRON BROWN, ALBERT LEE, Jr., aka Ailee, and JAMES BURTON, aka Uncle Wee Wee, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

-10-

## COUNT 36

The Grand Jury further charges:

On or about November 2, 2005, in the Northern District of Ohio, Eastern Division, JAMES BURTON, aka Uncle Wee Wee, and STAR SMITH did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II narcotic drug controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 37

The Grand Jury further charges:

On or about November 2, 2005, in the Northern District of Ohio, Eastern Division, JAMES BURTON, aka Uncle Wee Wee, and STAR SMITH did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

-11-

## COUNTS 38-52

The Grand Jury further charges:

On or about the dates specified in Counts 38 through 52, in the Northern District of Ohio, Eastern Division, the defendants named in Counts 38 through 52 did distribute a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), within 1,000 feet of a school facility, as specified in Counts 38 through 52.

| Count | Defendant(s) | Date | School[1] |
|-------|--------------|------|-----------|
| 38 | JERRY MOTON, aka Rob | February 10, 2005 | Hedges Elementary |
| 39 | TYRON BROWN JASON WESTERFIELD | February 15, 2005 | Simpson Middle |
| 40 | DAMETRESE RANSAW, aka Kefa Refa | March 4, 2005 | Mansfield Sr. High |
| 41 | TYRON BROWN JASON WESTERFIELD | March 12, 2005 | Simpson Middle |
| 42 | JERRY MOTON, aka Rob | May 10, 2005 | Hedges Elementary |

---

[1]  The complete names and locations of the schools are:
Hedges Elementary School, 176 Hedges Street, Mansfield, Ohio.
John Todd Park, 591 Johns Avenue, Mansfield, Ohio.
Madison High School, 690 Ashland Road, Mansfield, Ohio.
Mansfield High School, 124 North Linden Road, Mansfield, Ohio.
Ocie Hill Youth Center, 445 Bowman Street, Mansfield, Ohio.
Simpson Middle School, 218 West 4th Street, Mansfield, Ohio.

-12-

| Count | Defendant(s) | Date | School |
|-------|--------------|------|--------|
| 43 | ARRICO SPIRES, aka Rico | July 1, 2005 | Ocie Hill Center |
| 44 | CHARLES D. MATHEWS aka Chuck, aka Pooper | July 13, 2005 | John Todd Park |
| 45 | CHARLES D. MATHEWS aka Chuck, aka Pooper | July 15, 2005 | John Todd Park |
| 46 | ALBERT LEE, Jr. aka Ailee | July 25, 2005 | Hedges Elementary |
| 47 | ALBERT LEE, Jr. aka Ailee | August 1, 2005 | Hedges Elementary |
| 48 | LOWESTCO BALLARD | September 9, 2005 | Madison High |
| 49 | JOE H. WARD, III, JOHNIE R. PARKER | September 13, 2005 | Hedges Elementary |
| 50 | ALBERT LEE, Jr., aka Ailee | September 15, 2005 | Hedges Elementary |
| 51 | JOHNNY ROBERTSON ROBERT HARRIS, III | October 11, 2005 | Hedges Elementary |
| 52 | DANNY LEE BROWN, FRANK DOUGLAS | November 8, 2005 | Ocie Hill Center |

All in violation of Title 21, United States Code, Section 860, and Title 18, United States Code, Section 2.

<u>COUNT 53</u>

The Grand Jury further charges:

On or about March 12, 2005, in the Northern District of Ohio, TYRON BROWN, having been convicted of crimes punishable by imprisonment for a term exceeding one year; those are, on July 24, 1997, TYRON BROWN was convicted of Burglary in the Richland

County Common Pleas Court, Ohio, Case No. 97CR82-D; and on June 2, 1999, TYRON BROWN was convicted of Receiving Stolen Property, in the Richland County Common Pleas Court, Ohio, Case No. 97CR 185-D, did knowingly possess a firearm, to wit: a Smith and Wesson, .38 caliber revolver, Serial No. C159176, which had been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

<u>COUNT 54</u>

The Grand Jury further charges:

On or about November 2, 2005, in the Northern District of Ohio, JAMES BURTON, having been convicted of crimes punishable by imprisonment for a term exceeding one year; those are, on or about March 18, 1991, JAMES BURTON was convicted in the Circuit Court of Michigan (31st Circuit) of Felony Controlled Substance Delivery or Manufacture; and on or about January 1, 2001, JAMES BURTON was convicted in the Circuit Court of Michigan (3rd Circuit Court) of Felony Controlled Substance Delivery or Manufacture, did knowingly possess firearms, to wit: a Glock, 9mm semi-automatic pistol, Serial No. AUY174, and a Smith and Wesson, .38 caliber revolver, Serial No. V414821, which had been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

-14-

## COUNT 55

The Grand Jury further charges:

On or about November 10, 2005, in the Northern District of Ohio, DWAYNE NABORS, having been convicted of crimes punishable by imprisonment for a term exceeding one year; those being, on January 7, 1993, DWAYNE NABORS was convicted of Drug Abuse in the Richland County Common Pleas Court, Ohio, Case No. 91-CR-532; and on January 7, 1993, DWAYNE NABORS was convicted of Drug Abuse in the Richland County Common Pleas Court, Ohio, Case No. 92-CR-516, did knowingly possess a firearm, to wit: an Intratech, 9mm semi-automatic pistol, Serial No. P163965, which had been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

## FORFEITURE

The Grand Jury further charges:

For the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, the allegations of Count 1 through Count 52 are incorporated herein by reference. As a result of the foregoing offense, defendants shall forfeit to the United States any and all property constituting, or derived from, any proceeds they obtained, directly or indirectly, as the result of such violations; and any and all of their property used or

intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

      <u>Substitute Assets</u>:  In the event that any property subject to forfeiture pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants:

1.    cannot be located upon exercise of due diligence;

2.    has been transferred or sold to, or deposited with a third party;

3.    has been placed beyond the jurisdiction of this Court;

4.    has been substantially diminished in value; or

5.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants, up to an amount equivalent to the value of the property forfeitable under Section 853.

                  A TRUE BILL.

Original document - - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.